**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

No. 21-4621

───────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

KHALIL MORRISON, a/k/a Danny Rashee O'Connor, Jr.,

            Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:18-cr-00361-MOC-DCK-2)

───────────────

Submitted:  July 21, 2022                          Decided:  July 25, 2022

───────────────

Before MOTZ, HARRIS, and RUSHING, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Khalil Morrison pled guilty, pursuant to a plea agreement, to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and the district court sentenced him to 70 months' imprisonment, within his advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Morrison's sentence is reasonable and whether trial counsel rendered ineffective assistance. Morrison was advised of his right to file a pro se supplemental brief, but he has not done so. The Government has declined to file a brief. We affirm.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Williams*, 5 F.4th 500, 505 (4th Cir.), *cert. denied*, 142 S. Ct. 625 (2021). "We must first ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted). "If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances." *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 122 (2021). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

2

During the sentencing hearing, the district court accurately calculated Morrison's Guidelines range, accorded Morrison an opportunity to allocute, addressed counsel's arguments for a downward variance, considered the § 3553(a) factors, and adequately explained the chosen sentence. Accordingly, we conclude that Morrison's sentence is procedurally reasonable. We further conclude that Morrison has failed to rebut the presumption that his within-Guidelines sentence is substantively reasonable.

Counsel also questions whether trial counsel rendered ineffective assistance by withdrawing the objections to the Guidelines range at sentencing. We will decline to consider claims of ineffective assistance of counsel raised on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016); *see United States v. Freeman*, 24 F.4th 320, 331 (4th Cir. 2022) (en banc) (same). Because Morrison fails to meet this high standard, his "claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Morrison, in writing, of the right to petition the Supreme Court of the United States for further review. If Morrison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Morrison.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*